William R Murray, J.
The application is for a review of a determination by respondents that petitioner’s grant under the aid for dependent children program was to be budgeted with regard to receipt by petitioner of a Federal basic educational opportunity grant.
During the time that petitioner was eligible to receive ADC funds, she was attending Albany Business College. To meet her educational expenses, petitioner was receiving funds from New York’s tuition assistance program and the Federal basic educational opportunity grants program. On April 16, 1976, the Albany County Department of Social Services determined to reduce the petitioner’s ADC grant by budgeting part of the educational grants received by her for the 1976 spring semester. Petitioner appealed for a fair hearing from respondent New York State Department of Social Services and that agency affirmed the local department’s procedure whereupon petitioner commenced this article 78 proceeding.
New York State Social Services regulations provide as follows:
"No part of a scholarship, grant or other such income that is necessary to cover the cost of necessary or essential school expenses (e.g., tuitions, books, fees, equipment, special clothing needs, transportation to and from school, and childcare services necessary for school attendance), and is actually so used, shall be considered as income in determining need and amount of assistance.” (18 NYCRR 352.16 [c] [1].)
"No grant or loan to an undergraduate student for educational purposes made or insured under any program adminis *551 tered by the United States Commissioner of Education shall be considered as income or resources in determining need and amount of assistance.” (18 NYCRR 352.16 [c] [2].)
Respondents’ supporting papers disclose no lawful excuse for their refusal to follow the clear command of these regulations. It seems that respondents’ major basis for argument is that these grants to petitioner are overlapping and that she is, in effect, "ripping off” the welfare system. Even if this court were to agree that the grants are overlapping, neither this court nor respondents are free to ignore the law. Moreover, the court agrees with petitioner that these assistance programs are quite separable and are aimed at distinct needs. To reduce basic assistance grants on the basis of educational grants would reduce the incentives behind and quality of the latter program.
This proceeding will not be treated as a class action because it appears to this court that future petitioners will be protected by the doctrine of stare decisis.
The determination of the Albany County Department of Social Services of April 16, 1976, as affirmed by the fair hearing decision of August 6, 1976, of the New York State Department of Social Services is hereby annulled and respondent Albany County Department is ordered to reimburse petitioner for any moneys withheld by said determination in accordance with this opinion.